UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO PAUL VICTOR PAMINTUAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DR. JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　　Respondent. | Case No.:  15cv527-BEN (DHB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

Petitioner Angelo Paul Victor Pamintuan, a state prisoner proceeding *pro se*, is seeking federal habeas relief pursuant to 28 U.S.C. § 2254 by challenging the conviction and sentence imposed by the San Diego County Superior Court in case number SCN279791.  (ECF No. 6 at 1.)[1]  On June 16, 2015, Respondent moved to dismiss the First Amended Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d).  (ECF No. 9.)  On July 16, 2015, Petitioner filed a response in opposition to Respondent's motion to dismiss.  (ECF No. 13.)  Respondent did not file a reply.

---

[1]　Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing ("ECF") system.

After a thorough review of the pleadings and all supporting documents, the Court finds the First Amended Petition is statutorily barred by the expiration of the limitations period and that Petitioner is not entitled to statutory or equitable tolling. Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## I. PROCEDURAL BACKGROUND

Petitioner pleaded no contest to a charge of assault with a deadly weapon likely to cause great bodily injury in violation of California Penal Code § 245(a)(1). (ECF No. 10-1 at 1.) Petitioner also admitted to having a prior felony conviction resulting in a five-year enhancement. (*Id.*) On December 1, 2010, the trial court sentenced Petitioner to thirteen years in prison. (ECF No. 10-3 at 1.) Petitioner did not file an appeal of the conviction in the California Court of Appeal, nor did he seek review of the conviction in the California Supreme Court. (ECF No. 6 at 2.)

On July 7, 2014, Petitioner filed in the trial court a motion to modify the five-year enhancement arguing that the interests of justice would be served because (a) his trial attorney was ineffective in advising Petitioner to accept the plea, and (b) he had been rehabilitated in prison. (ECF No. 10-2.) However, on August 13, 2014, the trial court denied the motion after determining that it lacked jurisdiction to strike the enhancement and the motion was untimely. (ECF No. 10-3.)

On September 2, 2014, Petitioner constructively filed a petition for writ of mandate to the California Court of Appeal to challenge the trial court's denial of his motion to modify his sentence. (ECF No. 10-4.) On September 16, 2014, the California Court of Appeal denied the petition without comment. (ECF No. 10-5.)

On October 6, 2014, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court claiming that the trial court abused its discretion in denying his motion to modify the enhancement. (ECF No. 10-6.) On January 14, 2015, the California Supreme Court denied the petition without comment. (ECF No. 10-7.)

On March 3, 2015, Petitioner constructively filed a petition for writ of habeas corpus in the Southern District of California, thereby commencing this action. (ECF No. 1.) On

March 23, 2015, the Court dismissed the petition due to Petitioner's failure to (a) pay the $5.00 filing fee; (b) allege exhaustion of state judicial remedies; and (c) sign the petition. (ECF No. 4.) To reopen the case, the Court required Petitioner to pay the filing fee and submit a First Amended Petition for Writ of Habeas Corpus curing the pleading deficiencies. (*Id.* at 4:4-7.) On April 10, 2015, Petitioner filed the First Amended Petition. (ECF No. 6.)

The First Amended Petition raises a single ground for relief. Petitioner asserts that the state trial court abused its discretion and denied him due process by denying his motion to modify the sentence enhancement. (*Id.* at 6.) Petitioner argues his trial counsel failed to provide adequate legal representation and failed to "at the very least explain[] what the charges petitioner was pleading to on the [plea] agreement, such as the fact that Petitioner would receive a FIVE YEAR PRISON ENHANCEMENT consecutive to the prison term for the acts themselves," and "Petitioner did not have the opportunity to have his defense counsel properly challenge any of the charged offenses, nor did counsel file any meaningful motions to dismiss any charges, and work to receive a more favorable sentence. Petitioners [sic] counsel was ineffective for failing to at the very least, challenge the five year enhancement to a one-year enhancement instead." (*Id.* at 14:11-19.) Petitioner argues he "was denied the right to trial by jury and to confront his accusers, in violation of the Due Process Clause, and the Sixth Amendment, and amounting to violations of the Eighth Amendment [prohibition against] Crual [sic] Punishment." (*Id.* at 6.) Petitioner seeks to have the five-year enhancement reduced to a one-year enhancement. (*Id.* at 14:20-22.)

On June 16, 2015, Respondent filed a motion to dismiss the First Amended Petition, asserting that Petitioner commenced this action after the expiration of the statute of limitations. (ECF No. 9.) On July 16, 2015, Petitioner filed an opposition to Respondent's motion to dismiss. (ECF No. 13.)

## II. DISCUSSION

Respondent argues the Court should dismiss the First Amended Petition because this action is time barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

(ECF No. 9 at 3.)  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In California, when a prisoner does not appeal his conviction, the judgment becomes final sixty days after entry of judgment.  *See* CAL. R. CT., RULE 8.104.  Here, Petitioner did not appeal his conviction in state court.  (ECF No. 6 at 2.)  Thus, his judgment became final on January 30, 2011, which is sixty days after the trial court sentenced him on December 1, 2010.  (ECF No. 6 at 1; ECF No. 10-1 at 1.)  The statute of limitations begins to run on the day after judgment becomes final and terminates on the last day of the limitation period. *See* FED. R. CIV. P. 6(a)(1).  Thus, absent a later start date or any tolling, Petitioner had one year, until January 31, 2012, to file a federal habeas petition.  Petitioner constructively commenced this action on March 3, 2015,[2] more than three years after AEDPA's one-year

---

[2]   The Court finds that Petitioner should be afforded the benefit of the "prison mailbox rule," which provides that a *pro se* prisoner's pleading is deemed filed as of the date the pleading is delivered to prison officials.  *See Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999).  Here, Petitioner delivered his initial petition to prison officials on March 3,

statute of limitations expired.  Therefore, this action is untimely unless Petitioner is entitled to a later limitations start date, statutory tolling, or equitable tolling.

### A.     Commencement of Limitations Period

As noted above, AEDPA provides for a one-year statute of limitations, although AEDPA postpones the date on which the limitations period begins to run when the prisoner is unable to file the petition due to a state-created impediment, upon the retroactive application of a newly-recognized constitutional right, or because the factual predicate for a claim was not previously known despite due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Petitioner does not argue that a state-created impediment prevented him from filing a timely petition, nor does he contend that the Supreme Court recently recognized and made retroactive the constitutional rights underlying his claims.  However, in viewing the pleadings in the light most favorable to Petitioner, Petitioner does assert an argument under 28 U.S.C. § 2244(d)(1)(D), which acts to postpone the limitations start date to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Specifically, Petitioner contends that he "was 19 years old at the time [of his plea], and had a lack of knowledge regarding penal codes, and strike enhancements, counsel should have informed his client what the strike enhancement was, and petitioner . . . would have likely pursued trial." (ECF No. 6 at 14:22-25.)  Petitioner also argues in his opposition to Respondent's motion to dismiss:

> In 2010 the Petitioner knew nothing about the legal system.  Petitioner's trust was in the public defendant's office, who was inadequate.  After the guilty plea, Petitioner educated himself by getting a college degree so that he could continue to exercise his due diligence and pursue injustice.  Petitioner sought help, but no [one] would help him without charging a fee.  Petitioner finally found free help. . . .  Petitioner has been working on this case for years, and a

---

2015, although the petition was not filed on the Court's docket until March 6, 2015. (ECF No. 1 at 74.)  However, even affording Petitioner the benefit of this rule, this action is still untimely, for the reasons discussed herein.

> few weeks ago he discovered his current charge [California Penal Code §] 245(a)(1), assault by force likely to produce [great bodily injury], was used as the second component of his five year enhancement, but it is not a serious or violent crime per s.s. 1192.7 or 667.5. Petitioner is factually innocent of the 667 (a) five year enhancement.

(ECF No. 13 at 3:1-11.)

The Court is not persuaded by Plaintiff's argument. Petitioner knew or should have known in 2010 that his plea would result in a thirteen-year prison sentence that included a five-year enhancement, as the December 1, 2010 Abstract of Judgment clearly indicates as much (*see* ECF No. 10-1 at 1), and Petitioner was aware of the legal services his counsel provided him. What Petitioner apparently did not understand was the legal significance of those facts. However, for purposes of 28 U.S.C. § 2244(d)(1)(D), "the 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (citing *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)). Because Petitioner knew or should have known of the factual predicate of his claim in 2010 yet he waited more than three years after the statute of limitations expired to seek federal habeas relief, Petitioner did not exercise the due diligence required to permit a later limitations start date under 28 U.S.C. § 2244(d)(1)(D). Thus, the statute of limitations expired on January 31, 2012, which is one year from the date Petitioner's judgment became final.

**B.     Statutory Tolling**

  **1.     Legal Standard**

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). Specifically, AEDPA's statutory tolling provision provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* Tolling begins "from the time the first state habeas petition is filed until

the California Supreme Court rejects the petitioner's final collateral challenge" as long as the petitions are properly filed. *Evans v. Chavis*, 546 U.S. 189 (2006).

### 2. Analysis

Here, Petitioner is not entitled to statutory tolling. Petitioner's conviction became final on January 30, 2011, yet he did not begin to seek collateral relief in state court until July 7, 2014, when he filed a petition for writ of mandate. By that time, however, the one-year limitations period had long-since expired, and his subsequent state petitions, even if "properly filed," do not serve to revive the already-expired statute of limitations. Accordingly, the Court finds Petitioner is not entitled to statutory tolling.

## C. Equitable Tolling

### 1. Legal Standard

The United States Supreme Court has determined that equitable tolling is available under 28 U.S.C. § 2244(d) in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). In *Holland*, the Supreme Court recognized equitable tolling of AEDPA's one-year limitations period only when the prisoner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Ninth Circuit has also held that AEDPA's one-year statute of limitations is subject to equitable tolling. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("AEDPA's statute of limitations provision is subject to equitable tolling."); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in *Beeler* noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)); *see also Miles*, 187 F.3d at 1107 (equitable tolling is "unavailable in most cases."). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). District judges must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Beeler*, 128 F.3d at 1289. The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

A habeas petitioner "bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). In other words, the burden is on Petitioner to show that "extraordinary circumstances" were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

When courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.").

Petitioner's status as a *pro se* litigant, though not by itself sufficient to warrant equitable tolling, is relevant. *See Roy v. Lampert*, 465 F.3d 964, 967, 970 (9th Cir. 2006) (in considering whether equitable tolling applies, court "consider[ed] it highly relevant that [petitioners] were proceeding *pro se* until appointed counsel by the district court. . . . [E]ven though *pro se* status alone is not enough to warrant equitable tolling, it informs and colors the lens through which we view the filings, and whether these filings made sufficient allegations of diligence." (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

**2.     Analysis**

As noted above, Petitioner claims he did not know that his trial counsel was rendering him bad legal advice regarding the plea, and that he lacked knowledge of the

legal significance of the facts surrounding his plea and sentence enhancement. To establish equitable tolling, Petitioner is required to show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

For the same reasons discussed above, Petitioner's efforts to obtain an education do not entitle him to equitable tolling. Petitioner had knowledge of the facts that led to his plea and sentence in 2010. Petitioner attempts to satisfy the due diligence requirement by explaining that he obtained a college degree and that he "has been working on this case for years." (ECF No. 13 at 3:7.) Such a generalized statement is not sufficient to establish due diligence. Neither is Petitioner's claim that he did not discover until "a few weeks ago" the legal significance of certain facts. In addition, Petitioner fails to establish the existence of any "extraordinary circumstances" that prevented him from seeking federal habeas relief at an earlier time. Equitable tolling would be available for the vast majority of federal habeas petitioners if a lack of legal education amounted to "extraordinary circumstances" sufficient to qualify for equitable tolling. However, equitable tolling "is unavailable in most cases," *Miles*, 187 F.3d at 1107, "lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (quoting *Marcello*, 212 F.3d at 1010).

In conclusion, the Court finds that Petitioner has not satisfied his burden of demonstrating that equitable tolling is appropriate because he fails to demonstrate that he has been pursuing his rights diligently and the existence of extraordinary circumstances that prevented him from timely seeking federal habeas relief.

**D.**     **Actual Innocence**

As noted above, Petitioner claims he "is factually innocent of the 667(a) five year enhancement." (ECF No. 13 at 3:10-11.) The Court construes this statement to be an argument that Petitioner is actually innocent of the underlying prior conviction which is the basis for the five-year enhancement.

/ / /

/ / /

### 1. Legal Standard

The Supreme Court has recognized that AEDPA's statute of limitations is subject to an "actual innocence" exception." *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931-32 (2013); *see also Lee v. Lambert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (holding "that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period."). "In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Lee*, 653 F.3d at 937 (quoting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)). *Schlup* provides that if a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316. *Schlup* requires that a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. "This exacting standard 'permits review only in the extraordinary case,' but it 'does not require absolute certainty about the petitioner's guilt or innocence.'" *Lee*, 653 F.3d at 938 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). *Schlup* further requires a "petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. A federal habeas court then "considers all the evidence, old and new, incriminating and exculpatory," to determine "what reasonable, properly instructed jurors would do." *Lee*, 653 F.3d at 938 (citing *House*, 547 U.S. at 538; *Carriger v. Stewart*, 132 F.3d 463, 477-78 (9th Cir. 1997) (en banc)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

///

However, it has been recognized that "[t]he *Schlup* test does not work well with a petitioner who has pled guilty or no contest rather than gone to trial." *Lewis v. Spearman*, No. C 12-6221 SI (pr), 2013 U.S. Dist. LEXIS 145827, at *9 n.2 (N.D. Cal. Oct. 7, 2013). In *Lewis*, the court assumed without deciding "that the actual innocence gateway would be available to a petitioner who has pled no contest," but the court recognized that it "is an open question." *Id.* (citing *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc)). In *Smith*, the Ninth Circuit similarly assumed that *Schlup*'s actual innocence gateway was available to a petitioner that entered a no contest plea because "the state ha[d] not raised the argument and, more importantly, [the petitioner] ha[d] failed to satisfy the requirements under *Schlup*." *Smith*, 510 F.3d 1140 n.9.

**2.    Analysis**

In this case the Court will similarly assume that *Schlup*'s actual innocence gateway is available to Petitioner. However, Petitioner cannot pass through this gateway because he makes no effort to demonstrate he is actually innocent of the prior conviction underlying his sentence enhancement. Rather, he concedes he has a prior conviction. (*See* ECF No. 13 at 4:2-6.) His argument is that the record does not demonstrate that his prior conviction is the type of conviction sufficient to trigger a five-year enhancement under California law. (*See id.*) This argument is unsupported by any evidence. Thus, the Court is left with the only available evidence on this issue, namely, that Petitioner admitted to having a prior conviction under California Penal Code §§ 667(a)(1) and 668.[3] (*See* ECF No. 10-1.) Based

---

[3]    California Penal Code § 667 provides that "any person convicted of a serious felony [as defined in Penal Code § 1192.7(c)] in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." CAL. PENAL CODE § 667(a)(1).

California Penal Code 668 provides that "[e]very person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, that person could have been punished under the laws of this state by

on this record, the Court cannot find that Petitioner has demonstrated a miscarriage of justice sufficient to excuse compliance with AEDPA's statute of limitations.

### E.     <u>Evidentiary Hearing</u>

In the caption of the First Amended Petition, Petitioner requests an evidentiary hearing. (ECF No. 6 at 1.) Although his First Amended Petition does not contain any substantive arguments in support of this request, Petitioner does raise the issue in his opposition to Respondent's motion to dismiss. Specifically, Petitioner contends that "[t]he merits of the factual dispute were not resolved in the state hearing. The Fact finding procedure employed by the state court was not adequate to afford a full and fair hearing." (ECF No. 13 at 6-9.) Petitioner further contends his "prior and current case rest on a guilty plea of a prior. There is no record of the underlying facts that during the burglary 'a person other than an accomplice was present in the residence during the commission of the burglary' [Cal. Penal Code §] 667.5(c)(21). Therefore, Petitioner's prior does not count as a strike prior." (*Id.* at 4:2-6.)

AEDPA prescribes the manner in which federal courts must approach the factual record and "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999); *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.") (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In determining whether an evidentiary hearing is warranted, a district court presented with a request for an evidentiary hearing . . . must determine whether a factual basis exists in the record to support the petitioner's claim." *Baja*, 187 F.3d at 1078.

---

imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state. The application of this section includes, but is not limited to, all statutes that provide for an enhancement or a term of imprisonment based on a prior conviction or a prior prison term . . . ." CAL. PENAL CODE § 668.

> [District courts must also] consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. . . . Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. . . . It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro*, 550 U.S. at 474.

Initially, Petitioner's citation to California Penal Code § 667.5, which provides for the "[e]nhancement of prison terms for new offenses because of prior prison terms," is misplaced. That section provides that when a new offense is contained in that section's list of "violent felonies," a three-year enhancement will attach for each prior prison term served following conviction of prior "violent felonies." Here, however, Petitioner's sentence enhancement was based on Penal Code § 667, which, as detailed above, *see supra* note 3, provides for a five-year enhancement for any person previously convicted of a serious felony. These two sections provide for different enhancements (three years vs. five years) based on different lists of prior offenses (violent felonies vs. serious felonies). The fact that there is no record demonstrating the existence of a prior offense that would implicate § 667.5(c)(21) is immaterial, as that section was not the statutory basis of Petitioner's five-year enhancement. Thus, an evidentiary hearing is not necessary to enable Petitioner to prove his factual allegations.

Furthermore, because the record establishes that Petitioner's claim is barred by AEDPA's statute of limitations, as discussed above, Petitioner does not satisfy the exacting AEDPA standards prerequisite to receiving an evidentiary hearing, and his request is **DENIED**.

### F. Request for Appointment of Counsel

In the caption of the First Amended Petition, Petitioner also requests that he be appointed counsel, although he does not make any substantive arguments in support of this request in either the First Amended Petition or his opposition. (ECF No. 6 at 1.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (2010); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. As noted above, an evidentiary hearing is not warranted in this case. Thus, appointment of counsel is discretionary.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987.) "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471.

Here, it does not appear that appointment of counsel is required to prevent a due process violation. There is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims. In fact, Petitioner has been able to articulate the factual and legal bases of his claim in a thorough, clear, and coherent manner. Therefore,

the Court finds that the interests of justice do not require the appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel is **DENIED**. CAL. PENAL CODE § 667(a)(1).

### III.  CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED no later than **December 23, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **January 6, 2016**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 23, 2015

DAVID H. BARTICK
United States Magistrate Judge