UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO PAUL PAMINTUAN,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary,<br><br>Respondent. | Case No.: 15-cv-527-BEN (DHB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION**<br><br>**(2) GRANTING MOTION TO DISMISS**<br><br>**(3) DISMISSING PETITION**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Angelo Paul Pamintuan, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 16, 2015, Respondent filed a motion to dismiss the First Amended Petition (Docket No. 6) as time barred by 28 U.S.C. § 2244(d). (Docket No. 9.) Petitioner filed an Opposition. (Docket No. 13.)

On November 23, 2015, the Magistrate Judge issued a thorough and thoughtful Report and Recommendation, recommending the Petition be dismissed. (Docket No. 14.) Petition timely filed Objections to the Report. (Docket No. 15.) For the reasons stated below, the Report is **ADOPTED**, Respondent's Motion is **GRANTED**, and the Petition

is **DISMISSED**.

## BACKGROUND

Petitioner pled no contest to assault with a deadly weapon which resulted in great bodily injury in violation of California Penal Code § 245(a)(1). (Docket No. 10, Lodg. 1.) He also admitted to having a prior strike. (*Id.*) On December 1, 2010, the trial court sentenced Petitioner to thirteen years in prison, in accordance with the terms of his plea agreement. (Docket No. 10, Lodg. 3 at 1.) Petitioner did not appeal.

On July 7, 2014, Petitioner filed, in California superior court, a motion for reduction of sentence pursuant to California Penal Code § 1385. (Docket No. 10, Lodg. 2.) On August 13, 2014, the superior court informed Petitioner that it had no jurisdiction to modify the sentence pursuant to section 1385. (Lodg. 3.) The court also noted that even if it had jurisdiction, the motion was untimely. (*Id.*)

On September 2, 2014, Petitioner filed a petition for a writ of mandamus in the California Court of Appeal, challenging the superior court's denial of his motion under section 1385. (Docket No. 10, Lodg. 4.) The California Court of Appeal denied the petition without comment. (Lodg. 5.)

Finally, Petitioner filed a petition for a writ of habeas corpus with the California Supreme Court on October 6, 2014. (Lodg. 6.) That petition was also summarily denied. (Lodg. 7.)

## STANDARDS OF REVIEW

### I. Report and Recommendation

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which petitioner objected. 28 U.S.C. § 636(b)(1).

### II. Petition for Habeas Corpus

A petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

# DISCUSSION

## I. *De Novo* Review

Respondent asks this Court to dismiss the Petition as untimely. In his Objection, Petitioner argues that the Petition is protected from AEDPA's statute of limitations by the "actual innocence exception." (Obj. at 1.)

Under AEDPA, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If Petitioner raises newly discovered evidence in support of his petition, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims present could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). However, actual innocence, "if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). In order to take advantage of the exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Petitioner was sentenced on December 1, 2010. Because he did not appeal, his judgment became final sixty days after the entry of judgment. *See* Cal. R. Ct. 8.104. As such, Petitioner's judgment became final on January 30, 2011. Pursuant to section 2244(d)(1)(A), the statute of limitation period to file a federal habeas petition ended on January 31, 2012. Petitioner did not file the instant Petition until March 3, 2015—over three years later. Petitioner does not argue that the statute of limitations began to run at a later time. Thus, section 2244(d)(1)(D) does not apply.

In addition, Petitioner failed to present any evidence in support of his innocence. Petitioner does not argue that he did not commit the offense to which he pled no contest. Nor, does he argue that he did not commit the underlying prior offense which supports the five year enhancement. Instead, he argues that his prior offense is insufficient to

justify the five year enhancement. (Obj. at 2-3.) As Petitioner did not present any new evidence, he cannot pass through the actual innocence gateway. Therefore, the Petition is barred by the statute of limitations.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. In this case, the Court finds that Petitioner did not make a substantial showing of the denial of a constitutional right, the issues are not debatable among jurists of reason, and a court could not resolve the issues in a different manner. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This matter is also not adequate to deserve encouragement to proceed further. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation. Respondent's Motion to Dismiss is **GRANTED**, and the Petition is **DISMISSED** as untimely. The Clerk may close the case.

**IT IS SO ORDERED.**

Dated: January __//__, 2016

Hon. Roger T. Benitez
United States District Judge